UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

WALTER ESCOBAR,

    Plaintiff,

vs.

CHEF CREOLE INC.,
A Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT**

    Plaintiff WALTER ESCOBAR, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant CHEF CREOLE INC., a Florida profit Corporation (hereinafter, "Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendant as dishwasher. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant is a Florida corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Defendant has its principal place of business in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Defendant is a restaurant where goods transported across interstate lines are used by its employees.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant was an "employer" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

12. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

13. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

14. Plaintiff worked for the Defendant from October 14, 2021, until January 8, 2022 as a dishwasher.

15. A review of the records in Plaintiff's possession, reflects that throughout his employment, Plaintiff was compensated a daily rate between $65.00 to $70.00 a day working 6-7 hours a day.

16. During the course of Plaintiff's employment, there were times when Defendant failed to issue payment of wages to Plaintiff when the wages were due.

17. Defendant's failure to pay in accordance with the scheduled pay dates resulted in Defendant's failure to pay the required minimum hourly wage for some of the hours worked by Plaintiff.

18. Specifically, Defendant failed to compensate Plaintiff at all for the hours worked from December 20, 2021, through January 8, 2022 (17 working days).

19. Based on Plaintiff's records, Plaintiff estimates that he worked at least 504.00 hours during this period of time. Plaintiff estimates that he is owed at least Five Thousand and Forty Dollars $5,040.00 ($10.00/hr x 504.00 hours)   in unpaid minimum wages.

20. Furthermore, throughout Plaintiff's employment, Plaintiff generally worked 40-45 hours per week. However, Defendant failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

21. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. Defendant and its representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

23. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

24. Plaintiff seeks declaratory, injunctive, legal, and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

25. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

26. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES

27. Plaintiff re-alleges and reaffirms paragraphs 1 through 26 as fully set forth herein.

28. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206, and § 448.01 Fla. Stat. *et seq*.

29. At all times during his employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

30. Defendant has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due. Specifically, Defendant failed to compensate Plaintiff for the last three (3) weeks of his employment.

31. Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the relevant time period.

32. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

33. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

35. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

36. As a result, Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME

38. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

39. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

40. At all relevant times, Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

41. Specifically, throughout his employment Plaintiff regularly worked 40-45 hours during each workweek in which he was employed by Defendant.

42. Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

43. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or

6

professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

44. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

45. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

46. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire.

47. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

48. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, WALTER ESCOBAR demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: May 27, 2022                                             **PEREGONZA THE ATTORNEYS, PLLC**

                                                                5201 Blue Lagoon Drive, Suite 290
                                                                Miami, FL 33126
                                                                Tel. (786) 650-0202
                                                                Fax. (786) 650-0200

                                                               By: /s/ Nathaly Saavedra
                                                               Nathaly Saavedra, Esq.
                                                               Fla. Bar No. 118315
                                                               Email: nathaly@peregonza.com

                                                               By: /s/ Juan J. Perez
                                                               Juan J. Perez, Esq.
                                                               Fla. Bar No. 115784
                                                               Email: juan@peregonza.com